
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JARNAIL SINGH TOOR,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.    15-70433<br><br>Agency No. A072-011-380<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2017[**]
San Francisco, California

Before:  GRABER and N.R. SMITH, Circuit Judges, and ROSENTHAL,[***] Chief District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Jarnail Singh Toor, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") adopting the immigration judge's ("IJ") decision denying Toor asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition for review.

1.     Substantial evidence supports the agency's adverse credibility finding. "A single supported ground for an adverse credibility finding is sufficient if it relates to the basis for petitioner's alleged fear of persecution and goes to the heart of the claim."[1] *Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006) (internal quotation marks and alteration omitted), *overruled in part on other grounds by Maldonado v. Lynch*, 786 F.3d 1155 (9th Cir. 2015) (en banc). Here, the IJ identified four inconsistencies between Toor's testimony and his asylum application or asylum interview. Of the identified inconsistencies, two provide a sufficient basis to deny the petition. First, during Toor's asylum interview, he asserted that the police arrested and detained him. But in his testimony before the IJ, Toor asserted that he was never arrested and detained but, rather, was beaten by the police. Second, during Toor's asylum interview, he asserted that militants

---

[1] Because Toor filed his asylum application before May 11, 2005, the REAL ID Act does not apply to this case. *See Li v. Holder*, 559 F.3d 1096, 1102 n.8 (9th Cir. 2009).

came to his home on three separate occasions, wherein he provided them money, shelter, and food. But, during his testimony before the IJ, he testified that the militants came to his home on one occasion, and he provided only food and shelter. These inconsistencies are significant and material to his claim of persecution, going to the heart of the matter. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). Toor was confronted with the inconsistencies, and the IJ reasonably rejected his explanation that he could not remember. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Toor's asylum and withholding of removal claims fail. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2.     Toor's application for protection under the CAT also fails because it rests on the same testimony found not credible, and he points to no other evidence demonstrating it is more likely than not he would be tortured if returned to India. *See id.* at 1156-57.

3.     Because we deny the petition on adverse credibility grounds, we need not address Toor's arguments pertaining to the agency's alternative findings or its conclusion that Toor provided material support to a terrorist group.

**PETITION FOR REVIEW DENIED.**

3